IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–01649–WYD–KMT

ELI C. ANDRADE,

    Plaintiff,

v.

EVAN CHRIST/Executive Director of T.T.C.,
DINO MARTINEZ/Program Director T.T.C.,
ALLYSON WEIKLE/Case Mgr of T.T.C., and
DANA MADRID/Westminster Parole Office Liaison for T.T.C.,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case involves claims that Defendant violated Plaintiff's rights under the Eighth and Fourteenth Amendments. This matter is before the court on "Defendant Madrid's Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss." ([Doc. No. 31] [filed January 26, 2009] [hereinafter "Mot."].)

    Plaintiff filed "Plaintiffs [sic] Response to Defendants [sic] Motion to Dismiss and Summary Judgment to all Parties, Combined Motion Requesting Trial by Jury in Case # 08-CV-

01649-WYD-KMT" on May 6, 2009.[1] ([Doc. No. 39] [hereinafter "Resp."].) Defendant Madrid did not file a Reply in support of her Motion to Dismiss, apparently not considering Plaintiff to have timely filed a response applicable to her motion. Jurisdiction is premised upon 42 U.S.C. § 1983 (2008).

## STATEMENT OF FACTS

The following facts are taken from Plaintiff's Amended Prisoner Complaint ([Doc. No. 9] [filed October 21, 2008] [hereinafter "Compl."]) and the parties' submissions with respect to this Recommendation. Plaintiff was transferred from Crowley County Correctional Facility to Time to Change Community Corrections Facility (hereinafter "TTC") on September 19, 2007. (Compl. at 7, 20, 23.) During the time period relevant to this action, Plaintiff was a resident at TTC. (*Id.* at 2.) Defendant Madrid was the Parole Officer who supervised Plaintiff during his community corrections placement. (Mot. at 1.)

Plaintiff alleges that he suffers from several staph infected, abscessed, open wounds in his abdomen with "suture granulomas protruding through the skin" that are in need of surgery. (Compl. at 5, 7.)[2] Plaintiff claims he suffers "constant abdominal pain, [and] bleeding on a daily basis." (*Id.*) Plaintiff states that he was scheduled for surgery, at a cost of $50,000, to address

---

[1] This Response was filed three and one-half months after Defendant Madrid filed her motion. Although captioned as a response to "all parties'" motions, it was filed out of time and, therefore, given only marginal consideration by this court.

[2] This continuing medical condition has been the subject of several prior and current lawsuits filed by Plaintiff in the United States District Court for the District of Colorado. *See Andrade v. Adams County Detention Facility, et al.*, 06–cv–01377–ZLW–KMT; *Andrade v. Oba, et al.*, 07–cv–00872–WYD–KMT; *Andrade v. Martinez, et al.*, 08–cv–01098–ZLW–KMT.

this condition. (*Id.* at 12, 18.) Plaintiff alleges that he went "29 days without prompt medical attention while housed at [TTC]." (*Id.* at 5.) Plaintiff claims that he was "denied . . . a physical examination and proper pain medication" while at TTC. (*Id.* at 9.)

Plaintiff allegedly "brought [his need for medical intervention] to [Defendant Madrid's] attention on more than one occasion." (*Id.* at 10.) Plaintiff maintains that Defendant Madrid "failed to review [his] medical records" and "refused him proper medical treatment." (*Id.* at 6–7, 18.) Plaintiff alleges that Defendant Madrid "[knew] there [was] no clinical health specialist on site [at TTC] to make a proper medical decision [regarding Plaintiff's condition]." (*Id.* at 6.) Plaintiff claims that Defendant Madrid and TTC staff refused to pay for the surgery for which he was scheduled. (*Id.* at 18.) Plaintiff has brought this section 1983 action against Defendant Madrid, in her individual capacity only, claiming that her conduct towards him violated his rights under the Eighth and Fourteenth Amendments.

Plaintiff's Complaint asserts three claims. Claim One is couched in terms of "deliberate indifference . . . in violation of [his] Eighth and Fourteenth Amendment rights." (*Id.* at 9; 28.) Plaintiff's Claim Two is entitled "Failure to Consider Medical Condition Serious." (*Id.* at 12.) The court finds that Claim Two does not allege the violation of a cognizable constitutional right separate and apart from Claim One and will therefore treat the two claims as one. In Claim Three, Plaintiff grieves about his "regress[ion] from community corrections" to the CDOC "for trying to get medical help." (*Id.* at 18.) While Plaintiff references a Fourteenth Amendment violation several times throughout the Complaint, such a claim is not apparent to the court. Nevertheless, reviewing Plaintiff's complaint liberally, *Trackwell v. United States*, 472 F.3d

3

1242, 1243 (10th Cir. 2007), the court construes Plaintiff's Claim Three as a claim that his regression from community corrections violated his procedural due process rights under the Fourteenth Amendment.

Plaintiff seeks punitive damages for "pain and suffering, lack of medical attention, denial of surgery, . . . confusion[,] torment[,] agony[,] . . . deprivation of sleep, lost opportunities, undue hardship[,] physical deprivation[,] psychological trauma[,] physical trauma[,] mental anguish[,] [and] deprivation of medical rights." (Compl. at 28.) Defendant Madrid seeks dismissal on the following grounds: 1) Plaintiff has failed to allege Defendant Madrid's personal participation in the alleged Eighth Amendment violation; 2) Plaintiff's claims are barred by the Prison Litigation Reform Act (hereinafter "PLRA"); 3) Plaintiff fails to state a claim for relief; and 4) Defendant Madrid is entitled to qualified immunity. (Mot. at 3–15.)

**LEGAL STANDARD**

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell,* at 1243 (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a

plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.     Fed. R. Civ. P. 12(b)(6) - Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## LEGAL ANALYSIS

*1.     Prison Litigation Reform Act*

    *A.     Physical Injury Requirement*

Defendant asserts that Plaintiff is not entitled to pursue a 42 U.S.C. § 1983 claim against Defendant Madrid because the complaint does not satisfy the prior physical injury requirement of 42 U.S.C. § 1997e(e). (Mot. at 8.) Section 1997e(e) of the PLRA provides in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2008). However, the court finds that Plaintiff clearly alleges physical injury in the form of "abcessive [sic] open wounds [on his abdomen]," and while Plaintiff does not claim Defendant Madrid caused this injury, he does allege that Defendant Madrid caused him unwarranted physical pain associated with the injury. (Compl. at 5, 7.) Therefore, Defendant Madrid fails on this ground.

    *B.     Exhaustion of Administrative Remedies*

Defendant Madrid also moves for dismissal of Plaintiff's claims based upon Plaintiff's failure to exhaust his administrative remedies pursuant to the PLRA. (Mot. at 6–9.) The PLRA provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2008).

The crux of Defendant Madrid's argument is that Plaintiff has failed to demonstrate exhaustion in his complaint. However, Plaintiff is not required to do so. *Jones v. Bock,* 549 U.S. 199, 216 (2007). Nevertheless, in both Plaintiff's original Prisoner Complaint and the Amended Prisoner complaint, Plaintiff answers "No" when asked if "there is a formal grievance procedure at the institution in which you are confined," indicating that he was unaware of any formal grievance process at TTC. (Compl. at 27.) Plaintiff further states that "only [the] writ form [was] available when [he] asked on 2-18-09 [and] 2-6-08."[3] (*Id.*) Despite claiming there was no formal grievance procedure at the institution in which he was confined, Plaintiff later states that he did exhaust available administrative remedies by filing appropriate "writ forms." (*Id.* at 27.) Plaintiff's complaint makes it clear that he thought these writ forms were the "only" grievance procedure available to him. This is evidenced by Plaintiff's assertion in his Complaint that he did exhaust available administrative remedies. (*Id.*)

CDOC Administrative Regulations state that "[t]he grievance procedure is available . . . to offenders sentenced to the Colorado Department of Corrections [which] . . . includes CDOC offenders housed in private facilities and offenders who have been released to parole, community, or ISP supervision." (Colo. Dep't of Corr. Reg. 850-04 § IV(A)(2).). Clearly then, Plaintiff was mistaken as to whether the CDOC grievance procedure was available to him.

---

[3] The two "writ forms" are attached to Plaintiff's Complaint. (Compl. at 15–16.) In both, Plaintiff complains about alleged harassment by his Case Manager Allyson Weikle in regards to his medical needs. (*Id.*) Defendant Madrid is not mentioned in either "writ form."

However, Plaintiff alleges his misunderstanding was due to information he received when he asked about available grievance procedures on February 6 and 18, 2008.

The Supreme Court has set forth the standard to govern PLRA lawsuits: "[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, at 216. "[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (emphasis added). After *Jones*, dismissal under § 1997e(a) for failure to exhaust administrative remedies cannot usually be made on pleadings without proof. *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007). The Tenth Circuit has cautioned that "only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." *Freeman,* at 1260 (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)).

In light of the controlling law, the court finds that at this stage of the proceedings, Defendant Madrid has not met its burden of proof to show that Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit as required by the PLRA. The court is unable to conclude from the face of the complaint what the proper grievance procedure was or that Plaintiff is without a valid excuse for his apparent failure to exhaust available administrative remedies. Therefore, Defendant Madrid's motion fails on this ground as well.

### 2.     *Claim One and Two – Violation of Eight Amendment*

Prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle*, 429 U.S. at 106). The test for deliberate indifference involves both an objective and a subjective component. *Sealock v. Colo.*, 218 F.3d 1205, 1209 (2000).

The objective prong of the deliberate indifference test requires that the alleged deprivation of the inmate's constitutional right be "sufficiently serious" — one that "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)).

Attached to Plaintiff's Complaint is a letter from Front Range Surgical Associates scheduling him for a surgical procedure concerning "multiple suture granulomas." (Compl., Ex. B.) Moreover, the "Medical Referral Form" from North Suburban Medical Center attached to Plaintiff's Complaint shows that he was diagnosed with "staph infected . . . open wounds." (*Id.*, Ex. E.) Accordingly, the court finds that Plaintiff has alleged that his condition was sufficiently serious for Eighth Amendment analysis purposes.

The subjective component of the deliberate indifference test is met if the defendant "knows of and disregards an excessive risk to inmate health or safety." *Sealock*, 218 F.3d at

1209.  "Deliberate indifference" does not require a showing of express intent to harm.  *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005).  To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1970).  "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."  *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. at 105–06).

Plaintiff admits that Defendant Madrid is not licensed to practice medicine.  (*Id.* at 7.)  Obviously, an inmate placed in a halfway house would not possess the right to receive medical care directly from his parole officer.  Therefore, Plaintiff's claim must be that his parole officer did not arrange for medical intervention after being told about Plaintiff's condition.  However, Plaintiff's Complaint shows that TTC staff referred him to "La Casa Quigg Newton," a "community agency," for "medical assistance and [the Colorado Indigent Care Program]."  (*Id.* at 24.)  Moreover, Plaintiff signed out from TTC to go to "Inner City Health" and "La Casa Quigg Newton" in September 2007, within days of his transfer to TTC.  (Resp., Ex. A-2.)  Furthermore, attached to Plaintiff's Complaint is a TTC "Medical Referral Form" completed and signed by Dr. Price.  (*Id.*, Ex. E.)  This form, in which Dr. Price details his diagnosis of and treatment orders for Plaintiff's "infected . . . open wounds," was signed and dated October 19, 2007, one month after Plaintiff arrived at TTC.  (*Id.*, Ex. E.)  Plaintiff clearly received medical attention while a resident of TTC.  Finally, in a letter attached to Plaintiff's Complaint, Plaintiff states that he is "still trying to find a medical facility that may accept the reasonings of [his] situation."  (*Id.*, Ex. C.)  These facts indicate that responsibility for Plaintiff's medical condition

11

had been entrusted to himself and the staff at TTC—not to his parole officer. Tellingly, Plaintiff fails to allege that Defendant Madrid prevented him from accessing medical care.

The allegations contained in Plaintiff's Complaint, even if true, fail to allege that Defendant Madrid disregarded an excessive risk to his health or that she possessed sufficiently culpable state of mind with regard to his need for medical treatment. Accordingly, the court finds that Plaintiff has failed to state a plausible claim that Defendant Madrid was deliberately indifferent to his medical needs. Therefore, the court recommends that Defendant Madrid's motion to dismiss be granted as to Claims One and Two.

### *3.     Qualified Immunity*

Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When analyzing the issue of qualified immunity, the court must determine (1) whether the plaintiff has sufficiently alleged violation of a statutory or constitutional right; and (2) whether the right was clearly established at the time of the violation. *Pearson v. Callahan*, 129 S. Ct. 808, 817 (2009). It is not enough to show that right exists generally, e.g., the right to be free from cruel and unusual punishment. In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The general Eighth Amendment principal that prison officials may not be deliberately indifferent to inmates' serious medical needs was clearly established law in 2007. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). But the law was not, and still is not, clearly established as to whether a parole officer has an Eighth Amendment duty to arrange or pay for medical care for an offender placed in a halfway house. Plaintiff does not allege, nor does the court's independent research reveal any legal support for any such duty under these circumstances. Since a parole officer's duty to provide medical care to a parolee is far from clear, the court finds that Defendant Madrid did not violate a clearly established constitutional right. While the court has found Plaintiff's factual allegations insufficient to state a plausible Eighth Amendment claim against Defendant Madrid, in any event, Defendant Madrid would be entitled to qualified immunity in her individual capacity. Accordingly, this court recommends that Defendant Madrid's motion to dismiss be granted as to Claims One and Two on this basis as well.

### 4.     *Claim for Violation of Fourteenth Amendment – Improper Regression to CDOC*

In *Heck v. Humphrey*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam). The paucity of factual allegations concerning plaintiff's "regression to CDOC" makes it difficult to determine the applicability of

*Heck* to these circumstances, whatever they may be. In any event, insofar as Plaintiff's procedural due process claim implies the invalidity of his parole revocation, his claim for damages is barred under *Heck*. Moreover, Plaintiff fails to state a procedural due process claim upon which relief may be granted.

The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property." *Chambers v. Colo. Dept. of Corrs.*, 205 F.3d 1237, 1242 (10th Cir. 2000) (quotations omitted). To maintain his due process claim, Plaintiff must prove two elements: (1) that a recognized liberty or property interest has been interfered with by Defendant Madrid, and (2) that the procedures attendant to that deprivation were not constitutionally sufficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Plaintiff fails to allege that he was deprived of a protected liberty interest by anyone when regressed back to CDOC. Moreover, even if he had so alleged, Plaintiff fails to specify the manner in which the procedures attendant to that deprivation were in any way insufficient. Plaintiff also fails to present a single factual allegation concerning Defendant Madrid's personal participation in his regression to CDOC. The court finds that Plaintiff has wholly failed to state a plausible Fourteenth Amendment claim against Defendant Madrid. Accordingly, the court recommends that Defendant Madrid's motion to dismiss be granted as to Claim Three.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant Madrid's Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss" (Doc. No. 31) be GRANTED in its entirety and that Defendant Madrid be dismissed as to all claims.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 6th day of July, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge