IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01649-WYD-KMT

ELI C. ANDRADE,

    Plaintiff,

v.

EVAN CHRIST/Exec. Director of T.T.C.,
DINO MARTINEZ/Program Director T.T.C.,
ALLYSON WEIKLE/Case Mgr. Of T.T.C., and
DANA MADRID/Westminster Parole Office Liaison for T.T.C.,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

I.    INTRODUCTION

This matter is before the Court on Defendant Madrid's Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss (docket #31), which was filed on January 26, 2009 ("Motion to Dismiss"). The matter was referred to Magistrate Judge Tafoya for a Recommendation by Order of Reference dated November 10, 2008. Magistrate Judge Tafoya issued a Recommendation on July 6, 2009, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Tafoya recommends therein that Defendant Madrid's Motion to Dismiss be granted in its entirety and that Defendant Madrid be dismissed as to all claims. Recommendation at 14.

II.    BACKGROUND

Plaintiff's Amended Prisoner Complaint, filed on October 21, 2008, alleges that

the Defendants violated his constitutional rights. Specific to Defendant Madrid, Plaintiff claims that while he was incarcerated at the Time to Change Community Corrections Facility (hereinafter referred to as "TTC"), Defendant Madrid violated both his Eighth and Fourteenth Amendment rights by demonstrating deliberate indifference to his medical needs. Plaintiff alleges that he "brought [his need for medical intervention] to [Defendant Madrid's] attention on more than one occasion." Recommendation at 3. Plaintiff claims that "Defendant Madrid failed to review his medical records and refused him proper medical treatment." *Id.* Plaintiff further maintains that Defendant Madrid knew there was no medical specialist on staff at TTC to make proper treatment recommendations regarding Plaintiff's condition. Finally, Plaintiff alleges that Defendant Madrid and TTC staff refused to pay for his scheduled surgery. *Id.* Plaintiff asserted this section 1983 action against Defendant Madrid in her individual capacity only.

III.     RECOMMENDATION

As stated earlier, Magistrate Judge Tafoya recommends that Defendant Madrid's Motion to Dismiss be granted and the case dismissed against her. Recommendation at 14. In her Recommendation, Magistrate Judge Tafoya noted that Defendant Madrid seeks dismissal on the following grounds: (1) Plaintiff failed to allege Defendant Madrid's personal participation in the alleged Eighth Amendment violation; (2) Plaintiff's claims are barred by the Prison Litigation Reform Act (hereinafter referred to as "PLRA"); (3) Plaintiff fails to state a claim for relief; and (4) Defendant Madrid is entitled to the defense of qualified immunity. Magistrate Judge Tafoya made the following findings.

A. Standard of Review

In ruling on a Motion to Dismiss pursuant to 12(b)(6), the standard used to be that the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). Thus, until recently, a dismissal was only warranted where "it appear[ed] beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *The Ridge at Red Hawk, L.L.C. v.Schneider*, 2007 WL 1969681 at *3 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "However, the Supreme Court decided that 'this observation has earned its retirement,' and it has prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)). "The Court explained that a plaintiff must 'nudge [][his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.*

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court expanded on the principles in *Twombly* and provided the following two-pronged approach to Federal Rule of Civil Procedure 8:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.*

        1.    <u>PLRA</u>

First, Magistrate Judge Tafoya addressed Defendant Madrid's argument that Plaintiff's Amended Complaint should be dismissed because it does not satisfy the prior physical injury requirement of the PLRA. The PLRA provides in relevant part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2008). Magistrate Judge Tafoya rejected this argument finding that "Plaintiff clearly alleges physical injury in the form of "abcessive [sic] open wounds [on his abdomen]." Recommendation at 7.

Defendant Madrid also seeks dismissal claiming that Plaintiff failed to exhaust his administrative remedies pursuant to the PLRA. The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2008). Magistrate Judge Tafoya rejected this argument finding that "at this stage of the proceedings, Defendant Madrid has not met her burden of proof to show that Plaintiff did not exhaust his administrative remedies. Moreover, "[t]he court is unable to conclude from the face of the complaint what the proper grievance procedure

was or that Plaintiff is without a valid excuse for his apparent failure to exhaust available administrative remedies." Recommendation at 9. Thus, Magistrate Judge Tafoya recommends that Defendant Madrid's Motion to Dismiss be denied as to the arguments regarding the PLRA.

2. Claims One and Two - Eighth Amendment Violation

Defendant Madrid also seeks dismissal of Plaintiff's Eighth Amendment claims. Prison officials are required to ensure that inmates receive adequate food, clothing, shelter and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (citing *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "'Deliberate indifference' involves both an objective and subjective component." *Id*. "The objective component is met if the deprivation is 'sufficiently serious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quotations omitted). "The subjective component is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 837).

Magistrate Judge Tafoya first noted that Plaintiff attached a letter from Front Range Surgical associates to his Amended Complaint. The letter stated that Plaintiff was diagnosed with "staph infected . . . open wounds." Recommendation at 10. Thus, Magistrate Judge Tafoya found that Plaintiff properly alleged that his condition was sufficiently serious for an Eighth Amendment claim.

Magistrate Judge Tafoya then addressed the subjective component of the Eighth Amendment analysis. Magistrate Judge Tafoya construed Plaintiff's claim as one alleging that Defendant Madrid, as his parole officer, failed to arrange for medical intervention after being told about Plaintiff's condition. In his Amended Complaint, Plaintiff alleges that TTC staff referred him to a community agency for medical assistance, and it is clear that Plaintiff received medical attention while a resident at TTC. Magistrate Judge Tafoya concluded that "these facts indicate that responsibility for Plaintiff's medical condition had been entrusted to himself and the staff at TTC—not to his parole officer." Recommendation at 11-12. Thus, Plaintiff's Amended Complaint fails "to allege that Defendant Madrid disregarded an excessive health risk to his health or that she possessed sufficiently culpable state of mind with regard to his need for medical treatment." Recommendation at 12. Accordingly, Magistrate Judge Tafoya recommends that Plaintiff's Eighth Amendment claims (Claims One and Two) be dismissed for failure to state a plausible claim that Defendant Madrid was deliberately indifferent to his medical needs.

        3.      <u>Qualified Immunity</u>

Magistrate Judge Tafoya also recommends that Defendant Madrid's Motion to Dismiss be granted as to the defense of qualified immunity. In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow* places a presumption in favor of immunity of public officials acting in their individual capacities. *Schalk v. Gallemore*, 906

F.2d 491 (10th Cir. 1990). Once the defense is raised by a defendant, the burden shifts to the plaintiff to come forward with facts or allegations sufficient to show both "'that the defendant's actions violated a constitutional or statutory right'" and that the right "was clearly established at the time of the defendant's unlawful conduct." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir 1995)). *See also Workman v. Jordan*, 32 F.3d 457, 479 (10th Cir. 1994); *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996).

While Magistrate Judge Tafoya found that it is clearly established law that prison officials may not be deliberately indifferent to inmates' serious medical needs, she rejected the argument that it is clearly established law "as to whether a parole officer has an Eighth Amendment duty to arrange or pay for medical care for an offender placed in a halfway house." Recommendation at 13. Plaintiff does not provide any legal support for such a claim. Thus, Magistrate Judge Tafoya concluded that Defendant Madrid is entitled to qualified immunity on Claims One and Two as Defendant Madrid did not violate a clearly established constitutional right.

        4.      <u>Claim Three - Fourteenth Amendment Violation</u>

Finally, Magistrate Judge Tafoya recommends that Plaintiff's Fourteenth Amendment claim be dismissed because Plaintiff's claim for damages is barred under *Heck v. Humphrey*, 513 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Magistrate Judge Tafoya found that "[t]he paucity of factual allegations concerning plaintiff's 'regression to CDOC' makes it difficult to determine the applicability of *Heck* to these circumstances, whatever they may be." Recommendation at 13-14.  However, to the extent that "Plaintiff's procedural due process claim implies the invalidity of his parole revocation," the claim for damages is barred under *Heck*.  Recommendation at 14.

As an alternate ground for dismissal of this claim, Magistrate Judge Tafoya found that Plaintiff failed to state a procedural due process claim upon which relief can be granted.  In order to maintain a due process claim, Plaintiff must allege two elements: "(1) that a recognized liberty or property interest has been interfered with by Defendant Madrid, and (2) that the procedures attendant to that deprivation were not constitutionally sufficient."  Recommendation at 14.  After carefully reviewing the Amended Complaint and applying the law, Magistrate Judge Tafoya found that Plaintiff failed to allege either element comprising a due process claim.  Further, Magistrate Judge Tafoya found that "Plaintiff fails to present a single factual allegation concerning Defendant Madrid's personal participation in his regression to CDOC." Recommendation at 14.  Thus, Magistrate Judge Tafoya recommends that Defendant's Madrid's Motion to Dismiss be granted as to Claim Three.

IV.     ANALYSIS

Magistrate Judge Tafoya advised the parties that written objections were due within ten (10) days after service of a copy of the Recommendation.  (Recommendation at 15-16.)  Despite this advisement, no objections were filed to the Recommendation.  No objections having been filed, I am vested with discretion to review the

Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I find that Magistrate Judge Tafoya's Recommendation is thorough, well reasoned and sound.  I agree with Magistrate Judge Tafoya that Defendant Madrid's Motion to Dismiss should be granted and that Defendant Madrid should be dismissed as to all claims for the reasons stated in both the Recommendation and this Order.

V.   CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Tafoya (docket #42) dated July 6, 2009 is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that the Defendant Madrid's Motion to Dismiss (docket #31) is **GRANTED**.  It is

FURTHER ORDERED that all claims against Defendant Madrid are **DISMISSED**

---

[1]   Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

**WITH PREJUDICE**.  It is

FURTHER ORDERED that the Clerk of the Court shall amend the case caption to reflect the dismissal of Defendant Madrid.

Dated:  September 1, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge